IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RYAN H. DORRIS | § | CASE NO: 06-35563 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION CONCERNING ORDER
## DENYING MOTIONS FOR RELIEF FROM STAY (doc # 17)
## AND DENYING MOTION FOR REVOCATION OF DISCHARGE (doc. # 18)

Ryan Dorris ("Debtor") is a third party defendant in a state court action which was filed by Gary Weatherly ("Weatherly") in August 2004 and which is currently pending in the District Court of Montgomery County Texas, 9th Judicial District; Cause No. 040806316-CV (the "State Court Action"). In the State Court Action, Weatherly alleges that Debtor was hired by Richard and Karen Rogers to clear a parcel of land adjacent to his property and that Debtor is liable to Plaintiff for damages to his land by improperly performing that work. Weatherly alleges that his claims against Debtor are covered by a liability insurance policy.

Gary Weatherly, Richard Rogers and Karen Rogers ("Movants") seek relief from the automatic stay, and revocation of Debtor's bankruptcy discharge, so that they may proceed in the State Court Action against Debtor as a nominal party, but effectively against Debtor's insurer. Movants do not seek to hold Debtor liable for amounts in excess of the liability insurance policy limits. For reasons set forth below, and by separate written order issued this date, both motions are denied for failure to state a claim on which relief can be granted.

1.	Motion to Lift Automatic Stay (doc. #17)

Movants seek relief from the automatic stay imposed by Bankruptcy Code § 362. Debtor has filed no response to the motion. Nevertheless, the motion is denied for failure to state a claim on which relief can be granted.

By statute, the automatic stay terminates with respect to actions against a debtor when (1) the case is closed or (2) a discharge is granted. 11 U.S.C. § 362(c)(2). Debtor received a discharge on January 17, 2007, and the case was closed the same day. (Doc. ## 13, 14). The stay has already terminated with respect to actions against Debtor.

By statute, the automatic stay terminates with respect to property of the estate when the property ceases to be property of the estate. 11 U.S.C. § 362(c)(1). The trustee abandoned all property of the estate on November 17, 2006. A liability insurance policy like the one at issue here is not property of the estate for these purposes and in these circumstances. *In re Edgeworth*, 993 F.2d 51 (5th Cir. 1993). The stay either never applied to the insurance policy or, if it did, the stay has terminated

The Court cannot grant relief from a stay that has already terminated. The motion fails to state a claim upon which relief can be granted.

2.      Motion to Revoke Discharge (doc. # 18)

Movants seek a revocation of Debtor's bankruptcy discharge so that Movants can pursue the liability insurance proceeds. Movants' arguments and authority in support of this motion are identical to the arguments and authority presented in the Motion to Lift Automatic Stay.

  a.      Objections to discharge must be brought as an adversary proceeding

A proceeding to object to the award of a discharge, to revoke a discharge, or to object to dischargeability of a debt must be brought as an adversary proceeding, governed by Part VII of the Federal Rules of Bankruptcy Procedure. FRBP 7001. Movants did not comply with FRBP 7001 by filing an adversary proceeding. Instead they filed a motion commencing a contested matter. Therefore the motion to revoke discharge is denied on procedural grounds.

  b.      Deadline for filing a complaint objecting to discharge

Even if Movants had filed a complaint, they would be time barred. A complaint objecting to the debtor's bankruptcy discharge under § 727(a) of the Code must be filed no later than 60 days after the first date set for the meeting of the creditors under § 341(a). FRBP 4004(a). The Meeting of Creditors was set for November 15, 2006. (Docket # 4). Movants did not file their motion until March 27, 2007, over 120 days after the first date set for the meeting of the creditors. The motion is time barred.

  c.      No basis legal basis has been asserted for revoking a discharge

The court can revoke a discharge if: (1) the discharge was obtained through fraud, and the requesting party did not know of the fraud until after the discharge was granted; (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to the property, or to deliver or to surrender the property to the trustee; or (3) the debtor committed an act specified in § 727(a)(6). 11 U.S.C. § 727(b). Movants have alleged no facts that would justify revocation of discharge.

Movants allege that they were not notified of the bankruptcy case in time to file an objection to discharge. Nevertheless, even assuming that to be true, and assuming that failure to have notice was the basis for extension of the time to object to discharge (which it is not) Movants have alleged no fact that would justify denial of Debtor's discharge, even if Movants had objected in time.

Movants may have inadvertently asked for the wrong relief. Movants might have intended to seek a ruling determining that their debt is not discharged, rather than seeking a determination that the discharge should be denied or revoked. Denial of discharge and denial of dischargeability of a debt are two completely separate actions. Compare Bankruptcy Code § 523

and § 727.  Although failure to have timely notice may (in some circumstances) be adequate grounds for denial of dischargeability of a debt, Movant's have not filed an adversary proceeding and therefore their motion is procedurally improper.  But more important, as discussed below, that relief is probably not necessary to accomplish what Movants say they want to accomplish.

>    d.  Denial or revocation of discharge is not necessary to accomplish what Movants want to accomplish

A discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, to establish or to collect a discharged debt <u>as a personal liability of the debtor</u>.  11 U.S.C. § 524(a) (emphasis supplied).  Discharge does not prohibit an action against property and does not affect the liability of any other entity, Bankruptcy Code § 524(e).  Texas does not allow direct actions against the insurer, but "as long as the costs of defense are borne by the insurer and there is no execution on judgment against the debtor personally, section 524(a) will not bar a suit against the discharged debtor as the nominal defendant."  *In re Edgeworth*, 993 F.2d 51, 54 (5th Cir.1993).

## CONCLUSION

Neither the automatic stay nor the discharge injunction is a bar to proceeding against the Debtor nominally.  Movants have failed to state a claim upon which relief can be granted.

Movants may either rely on *Edgeworth* or they may seek a "comfort order" (for the benefit of the state court).  If Movants seek a comfort order, , they should contact Debtor and attempt to agree to a form of order that recognizes Movants' right to proceed in state court but precludes execution of the judgment against Debtor.  Debtor recognized that revocation of the discharge is not required to pursue insurance policy proceeds.  (Doc. #19, page 6).

No hearing is necessary because even assuming all facts alleged in the motions to be true, they fail to state a claim on which relief can be granted.  The relief requested in the motions docketed at ## 17 and 18 is denied by separate order issued this date.

SIGNED 05/03/2007.

*Wesley W. Steen*
WESLEY W STEEN
United States Bankruptcy Judge